State ex rel. Henry L. Lilienthal, Relator, vs. W. T. Deane et al., Respondents.

In canvassing the votes cast at an election the inspectors refused to count a certain ballot for the relator because his name as it appeared thereon was scratched. The marks over the names were such as to call for an exercise of judgment by the inspectors as to whether it had been scratched or it was the intention of the person casting it to vote for the relator : *Held,* That this exercise of judgment by the inspectors could not be controlled by mandamus.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*W. R. Yates, Geo. Wheaton Deans* and *William Scott* for Relator.

*Charles Swayne* for Respondents.

MR. JUSTICE RANEY delivered the opinion of the court :

This court, in the exercise of its original jurisdiction, issued an alternative writ of mandamus to the respondents, the three inspectors at an election lately held in the city of Sanford for the office of Mayor and other municipal offices. The issue presented by the pleadings, including the returns of two of the inspectors and the traverse thereof, is whether or not the name of Henry L. Lilienthal, the relator, who was one of two candidates for Mayor, was, as it appeared upon one of the ballots voted at such election, "scratched." The respondents, Deane and Whiteman, say in their returns that it was scratched, and in the exercise of their judgment, as to whether it was or not, they decided that it was, and refused to count it as a vote for relator. The other inspector files a separate return, to the effect that he was in favor of counting the ballot. Two of the inspectors being introduced as witnesses identified the ballot in question, which was also put in evidence. There appear upon its face across the name of the relator several pencil marks, or lines, which though dim are plainly visible, and there are two small holes in the ballot, one through the first or given name, and the other in or just under the surname, and both seemingly made with the pencil in making the marks or lines referred to. Whether or not it was the purpose of the person who cast this ballot to vote for the relator is not necessary for us to decide. There is enough upon the face of the ballot to call for the exercise of judgment by the inspectors upon this point, and exercising, as under the circumstances they had the right to do, their judgment as to whether the ballot should or should not be counted by them for the relator, they have decided that it should not be, or in other words, they have held it to be

" a scratched ballot " in so far as the election for Mayor was concerned, and have refused to count it. In this proceeding we cannot control their discretion or judgment or substitute ours for theirs. High on Extraordinary Legal Remedies, §§24, 34 and 42.

The judgment will be that the respondents go without day, and that they recover their costs. High on Extraordinary Legal Remedies, §526 ; State *ex rel.* County Commissioners Sumter County, 21 Fla., 370.

It will be so ordered.